People v A.K. (2025 NY Slip Op 50692(U))

[*1]

People v A.K.

2025 NY Slip Op 50692(U)

Decided on April 30, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2025
Youth Part, Erie County

The People of the State of New York

against
A.K. AO.

Docket No. FYC-70934-25/001

Nicholas J. Marino, Esq. (Assistant District Attorney)
Elias Farah, Esq. (for Principal A.K.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas J. Marino, Esq. (Assistant District Attorney), dated April 8, 2025; no responsive papers having been received on behalf of AO A.K.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO A.K. is charged under FYC-70934-25/001 with one count of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law Section 265.03(3), a class C felony, and one count of Criminal Possession of Stolen Property in the Third Degree, in violation of Penal Law Section 165.50, a class D felony.
This Court arraigned AO A.K. on March 17, 2025 and remanded him, setting bail in the amount of $25,000.00 A, B; $50,000.00 E &commat; 10%. On March 20, 2025, the People ran a felony hearing, and this Court found reasonable cause under Penal Law 265.03. The People conceded the six-day reading, and this Court concluded that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for April 30, 2025.
A Grand Jury subsequently indicted AO A.K. The indictment was returned on April 17, 2025. The arraignment on the indictment is scheduled for April 30, 2025 at 2:30 p.m. Docket number IND-71397-25/001 was assigned to the matter.

Findings of Fact
It is alleged that on March 15, 2025, at or around 5:30 p.m., police responded to a call stating that a suspicious person was trying to get into vehicles on a highway. While driving on the highway, the 911 caller observed a black male wearing a black hoodie and dark colored pants (later identified as AO A.K.) walking away from a white Hyundai. The 911 caller saw AO A.K. cross the highway and stop directly in front of the 911 caller's vehicle. The 911 caller stopped his vehicle, and AO A.K. walked to the 911 caller's front passenger side door. The 911 caller rolled down his front passenger side window. AO A.K. grabbed the front passenger door handle and unsuccessfully attempted to enter the 911 caller's vehicle. AO A.K. then reached his hand through the passenger side window and attempted to open the passenger side door from inside the vehicle. The 911 caller slowly started moving his vehicle forward and drove away. The 911 caller observed AO A.K. try to stop two more vehicles and enter the passenger side of a blue Ford Bronco. The 911 caller then saw the blue Ford drive away.
At the scene, police observed the white Hyundai pulled over on the highway. Police confirmed that the Hyundai was stolen. Two of the white Hyundai's tires were deflated.
The 911 caller circled back to the scene, approached a police officer, and advised that he was the person who called 911. The officer instructed the 911 caller to park away from the scene for his safety.
In that time, the blue Ford conducted a U-turn. AO A.K. exited the blue Ford. He then walked toward the stolen white Hyundai and approached the officer. The officer detained AO A.K., as he matched the description on the 911 call. A second officer read AO A.K. his Miranda warnings. Upon questioning, AO A.K. admitted that he had driven the stolen white Hyundai.
Police successfully cleared the stolen white Hyundai; they recovered a loaded 9mm Smith and Wesson M&P handgun from the vehicle. Police asked AO A.K. where he obtained the firearm. AO A.K. responded, "from David".
A show up was conducted at the scene, and the 911 caller positively identified the male suspect as AO A.K.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). When an adolescent offender is charged with a violent felony as defined in Penal Law § 70.02, within six calendar days of the adolescent offender's arraignment, the youth part of superior court is required to review the accusatory instrument and determine whether the prosecutor has proven by a preponderance of the evidence that the adolescent offender caused 'significant physical injury' to someone other than a participant in the crime, displayed a 'firearm, shotgun, rifle or deadly weapon as defined in the penal law' in furtherance of the crime, or unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in section 130.00 of the Penal Law (CPL § 722.23(2)(a), (c)). 
The matter must be transferred to Family Court if these factors are not present unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the [*2]young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) citing Assembly Record, p. 39).
The People state that AO A.K.'s actions in this matter rise to the level of "cruel and heinous" insomuch as removal to Family Court should be prevented. The People raise such extraordinary circumstances as AO A.K. being in possession of a loaded firearm, while also being in possession of a stolen vehicle. Further, the People state that AO A.K. would not be amenable to the heightened services of Family Court. Counsel for AO A.K. did not submit responsive papers on his client's behalf.
This Court finds that highly unusual and heinous facts have not been proven. It is not alleged that this youth brandished the firearm or used it while attempting to steal any vehicles. He did not cause physical harm to any other person. AO A.K. does not have a history in Youth Part.
Based on the information provided and the allegations presented by the People, this Court has no reason to believe that this Youth will not be amenable to the heightened services of Family Court (People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023)).
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39.) Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN